STAFFORD, District Judge,
dissenting.
Because I cannot agree that the district court erred in affirming the ALJ’s decision to deny benefits, I must respectfully dissent. The district court determined — -I believe correctly — that the ALJ, in fact, “considered the opinions of Drs. Geary and Fuller and adequately accounted for the limitations they found.”
While the ALJ was required to take the opinions of Drs. Geary and Fuller into account when making his RFC determination, he was not required to include in his RFC every express limitation found by Drs. Geary and Fuller. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir.2001) (noting that it is the ALJ’s responsibility, not the physician’s, to determine residual functional capacity). He was also not required to discuss every piece of evidence from those doctors. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.2003).
Here, while noting that Van Sickle “takes no psychotropic medication and she does not receive any mental health counseling,” the ALJ found that Van Sickle’s mental limitations “are, at worst, mild to moderate in severity.” The ALJ’s findings — although brief — are amply supported by substantial record evidence. Indeed, the ALJ’s “mild to moderate” severity rating comes directly from the functional-limitations-assessments performed by Drs. Fuller and Geary.
Dr. Fuller completed two assessments of Van Sickle’s functional limitations. In a document entitled “Psychiatric Review Technique,” dated 8/16/05, Dr. Fuller rated Van Sickle’s functional limitations on a five-level scale: None, Mild, Moderate, Marked, and Extreme. As to “Restriction of Activities of Daily Living,” Dr. Fuller opined that Van Sickle had no limitations. As to “Difficulties in Maintaining Social Functioning” and “Difficulties in Maintaining Concentration, Persistence, or Pace,” Dr. Fuller opined that Van Sickle had mild limitations as to each. In an undated “Mental Residual Functional Capacity Assessment,” Dr. Fuller asserted that Van Sickle was moderately limited as to (1) her ability to perform activities within a schedule and maintain regular attendance, (2) her ability to complete a normal workday and workweek without interruptions, and (3) her ability to interact appropriately with the general public. He said that, in all other areas of functioning, Van Sickle has “no evidence of limitations.” Dr. Fuller’s ultimate conclusion was that Van Sickle “can work in a simple, unskilled competitive job in a low stress setting that is away from the general public.”
Dr. Geary’s assessment was virtually the same as Dr. Fuller’s. Like Dr. Fuller, Dr. Geary opined that Van Sickle was moderately limited but not precluded as to (1) her ability to perform activities within a schedule and maintain regular attendance, (2) her ability to complete a normal work *743 day and workweek without interruptions, and (3) her ability to interact appropriately with the general public. Dr. Geary found that, in all other areas of functioning, Van Sickle evidenced no limitations. Dr. Geary’s ultimate conclusion was that “[Van Sickle] does seem capable of other work-related activities. [She] would very much benefit from some type of training or occupational placement.”
At Step 5, the ALJ determined that Van Sickle “has the residual functional capacity to perform at least the exertional requirements of light, unskilled work with the following restrictions: no work that requires acute or fine hearing and no work that involves communicating with the public or co-workers to perform the necessary tasks of the job.” Like the district court, I believe that the ALJ fashioned an appropriate RFC based on — and consistent with — the assessments of Drs. Fuller and Geary (both of whom opined that Van Sickle was capable of performing some light work), then posed a proper hypothetical to the VE based on the RFC so fashioned.
This is not a case where the ALJ rejected “significant probative evidence.” The ALJ expressly stated that he found the medical opinions of Drs. Geary and Fuller to be “highly probative;” and, while he did not adopt verbatim the limitations identified by the doctors, his RFC captured the essence of the medical evidence. Under the circumstances, we should defer to the ALJ’s decision. The district court, in turn, was correct in upholding the Commissioner’s denial of benefits to a 46-year-old woman who takes no psychotropic medication, who has not sought and does not receive any mental health counseling, and whose mental limitations “are, at worst, mild to moderate in severity.” I would affirm.